# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**ROLAND MOLINA,**

    **Plaintiff,**

**vs.**

**Case No.: 4:19-cv-00157-MW-CAS**

**THE FLORIDA DEPARTMENT OF CORRECTIONS, et al.,**

    **Defendants.**

## STIPULATED PROTECTIVE ORDER

This Court has considered, without hearing, the Motion for Entry of Stipulated Protective Order. ECF No. 71. The motion is **GRANTED** and the protective order is entered as follows:

WHEREAS the parties to this action agree that certain documents[1], information and other things requested from the parties or from non-parties during discovery should be kept confidential in order to protect asserted business interests and privacy rights of the parties, non-parties and their respective business associates and further agree that such documents, information and things may be eligible for protection under Fed. R. Civ. P. 26(c) and/or Fed. R. Civ. P. 45(d); and

---

[1] The term "document" shall be synonymous in meaning and equal in scope to the usage of that term in Fed. R. Civ. P. 34(a)(1)(A) and shall include every writing and recording within the meaning given those terms in Fed. R. Evid. 1001.

1

WHEREAS the parties have stipulated to and request that the Court enter this Stipulated Protective Order,

IT IS HEREBY ORDERED that the parties shall follow the procedures set forth below with respect to documents, information or other things received from any party or non-party:

1. This Stipulated Protective Order shall govern any document, information or other thing furnished by any party or non-party (a "Producing Person") to any party ("Requesting Party") in connection with discovery requests or proceedings initiated by a Requesting Party in this action. The form of information that may be protected includes, but is not limited to, documents produced in discovery, responses to requests to produce documents or other things, responses to interrogatories, responses to requests for admissions, responses to subpoenas, deposition testimony and exhibits, and all copies, extracts, summaries, compilations, designations and portions thereof.

2. The term "Confidential Information" is defined to mean any document, information, or thing that is designated by a Producing Person as "CONFIDENTIAL." Any document, information or thing may be designated "CONFIDENTIAL" if it is in good faith determined by the Producing Person to contain confidential, commercially sensitive and proprietary information.

3. Only documents, information or things that are reasonably believed by

the Producing Person to qualify for protection as "CONFIDENTIAL" may be designated as such. Such designation shall be made by stamping or otherwise marking the material prior to production with the words "CONFIDENTIAL." With the exception of native electronic files, marking the cover of a multi-page document shall not designate all pages of the document "CONFIDENTIAL;" rather, each page containing Confidential Information must be separately marked. In the case of native electronic files, including the words "CONFIDENTIAL" in the file name, or otherwise in the media through which the information is transmitted shall be sufficient to designate the entire document "CONFIDENTIAL." In the case of written material, documents or tangible items, the designation "CONFIDENTIAL" shall be made at the time the parties to this litigation receiving such information (collectively "Receiving Parties") are provided a copy of the writing or thing. In the case of deposition testimony, Paragraph 5 shall apply.

4. Any and all Confidential Information is automatically subject to the protections established by this Stipulated Protective Order, and a Producing Person's failure to designate Confidential Information as provided in Paragraph 3 shall not operate as a waiver any confidentiality protections that should be afforded such information. However, no person shall be obligated to treat unmarked

Confidential Information as such unless and until the Producing Person properly designates it as provided by Paragraph 3 of this Stipulated Protective Order.

  5. Confidential Information shall not be disclosed, discussed with or made available to any person other than "Qualified Persons" as defined in this Order, unless expressly permitted by the Court. "Qualified Persons" are limited to:

   (a) the parties;

   (b) the attorneys of record in this action, and any non-in-house attorneys of a party who are retained by the parties in this action to consult on the litigation, and their respective associates, clerks, legal assistants, stenographic and support personnel, and independent organizations retained by such attorneys to provide litigation support services in this action, including the employees of said organizations;

   (c) experts and consultants retained by the parties or the attorneys of record for this litigation, and the employees of such experts and consultants who are assisting them;

   (d) court reporters, deposition stenographers and videographers;

   (e) trial consulting services retained by a party;

   (f) photocopy, document imaging and database services consultants retained;

(g) such other persons as hereafter may be designated by written agreement of all parties in this action or by order of the Court;

(h) witnesses during discovery and witnesses for trial or for purposes of preparation of such witnesses, provided the Confidential Information is not retained by the witness(es) at the conclusion of the deposition, hearing, preparation or trial, whichever the case may be; and

(i) the Court and its staff members.

6. If Confidential Information is utilized or referred to during depositions, any party or Producing Person may request and require that only Qualified Persons, the deponent and the reporter shall be present. A party or Producing Person, if not a party to this action, shall, either at the deposition itself, or within 14 days after actual receipt of the transcript thereof, notify all other parties and the deponent on the record or in writing, that the information is confidential and shall designate the transcript or portions thereof for which such claim is made. The transcript or portions thereof, including exhibits, for which confidentiality is claimed shall be prominently marked "Confidential Material subject to Protective Order."

7. If a party wishes to file a Confidential document with the Court, it must be filed under seal, following the appropriate procedures to do so in the U.S. District Court for the Northern District of Florida.  Documents with only portions

designated as Confidential may be publicly filed with the Court as long as the Confidential portions are redacted. If a party wishes to file a motion, pleading, deposition, document, or other filing with the Court that summarizes, quotes, or contained protected material from a Confidential document, the party shall publicly file the motion, pleading, deposition, document, or other filing with the Confidential information redacted, and also file under seal an unredacted version and provide a copy of the unredacted version to the other parties. Confidential documents, and unredacted versions of redacted documents filed under this paragraph are hereby designated as documents that may be sealed without an order pursuant to Local Rule 5.5(B).

8. If any party believes that it is necessary to disclose Confidential Information to anyone other than the Qualified Persons identified in this Order, such party shall provide all other parties and the Producing Person, if not a party to this action, 7 days prior written notice of the intent to disclose Confidential Information to such additional person(s), which notice shall state the name and address of the additional person(s) and the reason(s) review by such additional person(s) is desired. If any party or Producing Person objects in writing to such disclosure within that 7-day period, then such Confidential Information will not be disclosed unless and until the Court overrules the objection. Confidential Information will only be disclosed to a third party pursuant this paragraph if the

third party recipient agrees to be bound by the protections and limitations imposed by this Order.

9. A party may object to any designation of Confidential Information under this Order at any time. In such event, the following procedure shall be utilized:

(a) The objecting party or person shall give the Producing Person (or its counsel of record) written notice thereof, stating the reason therefor, and specifying the document by production number, information or other thing as to which such objection is made.

(b) If the affected parties and persons cannot reach agreement concerning the matter within five (5) business days after delivery of the notice or such shorter time as the Court may allow, then the objecting party or person may file a motion requesting an order of the Court to remove the Confidential Information designation of such objected to document, information or thing pursuant to this Order. Such motions must be filed and served within ten (10) business days after the expiration of the five (5) business day period referred to in the preceding sub-paragraph. Any such motion shall be set for the earliest possible date on the Court's motion calendar and shall not be continued without the consent of all parties. If the objecting party or person or fails to make such a motion within ten (10)

business days, the document(s) or information at issue will continue to be treated as Confidential Information under this Order. The protections of this Order shall continue to apply to the objected to document, information or thing pending a decision by the Court or expiration of the ten (10) business-day period provided for in this sub-paragraph. Nothing in this order shall alter the burden of persuasion applicable to requests that materials or information be protected pursuant to Rule 26 and Rule 45 of the Federal Rules of Civil Procedure.

(c)   No party shall be under any obligation to object to any designation of confidentiality at the time such designation is made, or any time thereafter. No party shall, by failure to object, be found to have acquiesced or agreed to such designation or be barred from objecting to such designation at any time thereafter.

10.   Subject to the Federal Rules of Evidence, stamped Confidential Information may be offered in evidence at trial or any court hearing. Any party may move the Court for an order that the evidence be received *in camera* or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as Confidential Information and, if so, what protection, if any, may be afforded to such information at the trial.

11. Upon termination of this lawsuit, including termination of any appeal from the final judgment of this Court, all Confidential Information obtained, disclosed or used pursuant to this order, and any copies thereof, shall be destroyed or returned to the Producing Person. Except that the Florida Department of Corrections may retain Confidential Information generated by the Department, any of its contracted entities or any Defendant and may retain Confidential Information to the extent that it is deemed necessary to comply with the requirements of state or Federal law.

12. Nothing in this Order shall preclude any party to this action or their attorneys from:

(a) Disclosing or using, in any manner or for any purpose, any information, documents or things obtained from a source other than through discovery in this action or to which a party has a right of access independent of discovery, unless the party is already bound by a separate agreement or order not to disclose such information, documents or things.

(b) Disclosing or using, in any manner or for any purpose, any information, document or thing that is at the time of production or disclosure or subsequently becomes, through no wrongful act or failure to act on the part of the Receiving Party, generally available to the public through publication or otherwise or is already rightfully in the possession of the

Receiving Party at the time of production.

(c) Disclosing or using, in any manner or for any purpose, any information, document or thing that has already been obtained through discovery in this action prior to the entry of this Order. However, if the producing party wants to make Confidential any document previously produced in discovery prior to the entry of this Order, the producing party shall provide the receiving party with a written statement explaining why it believes there is good cause to deem the previously-produced document Confidential. If the receiving party disputes the Confidential nature of a document, the receiving party shall notify the producing party in writing of the dispute as to the Confidentiality and identify the particular document(s) as to which Confidentiality is in dispute. The parties shall confer and make a good faith attempt to reach an agreement. If agreement cannot be reached the producing party seeking Confidentiality shall file a Motion to Designate Document(s) as Confidential within fourteen (14) days from the date of written notification of the dispute as to Confidentiality. The opposing party shall file a response within seven (7) days. If the Court grants the Motion, the parties shall continue to treat the document(s) as Confidential. If the Motion is denied, the document shall no longer be deemed Confidential.

13. Nothing in this Protective Order shall be interpreted to prohibit or

prevent any Producing Person from using or discussing its own Confidential Information in any way it sees fit to so use or discuss that material for any reason. Any such use or discussion of Confidential Information shall not be deemed a waiver of the terms of this Protective Order.

14. This Protective Order shall survive the termination of this action. All Confidential Information shall retain that designation and shall remain subject to this Order until such time, if ever, as the Court or other competent officer or entity, renders a decision that any challenged material shall not be covered by the terms of this Protective Order and any and all proceedings and appeals challenging such decision shall have been concluded.

15. If information subject to a claim of attorney-client privilege, work product immunity, or other privilege, doctrine, right, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver or estoppel as to any such privilege, doctrine, right or immunity. Any party that inadvertently produces materials protected by the attorney-client privilege, work product privilege, or other privilege, doctrine, right, or immunity may obtain the return of those materials by promptly notifying the recipient(s) and providing a privilege log for the inadvertently produced materials. The recipient(s) shall gather and return all copies of the privileged material to the producing party, except for any pages containing privileged markings by the

recipient, which pages shall instead be destroyed and certified as such by the recipient to the producing party. Notwithstanding this provision, outside litigation counsel of record are not required to delete information that may reside on their respective firm's electronic back-up systems that are over-written in the normal course of business but agree not to use or access any such inadvertently produced information that may reside on a back-up system after being notified of the inadvertent production by the Producing Party but before such information is over-written.

**SO ORDERED on January 3, 2020.**

**s/MARK E. WALKER\_\_\_\_**
**Chief United States District Judge**